```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NGONO ANDRE MARIE,                              :
                                                :
                              Plaintiff,             :
                                                :
                           -against-              :
                                                :   19-CV-6854 (VEC)
UNITED STATES OF AMERICA,                       :
                                                :   ORDER
                           Defendant.              :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       Plaintiff Ngono Marie asserts twenty-five (25) separate claims against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"). Plaintiff alleges that while he was detained at the Metropolitan Correction Center ("MCC") in 2016, federal employees physically, emotionally, mentally, and sexually abused him. *See* Compl., Dkt. 2. Plaintiff also contends that he was physically assaulted by other detainees at MCC. *Id.* Defendant moved to dismiss parts of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 15. Specifically, Defendant argued that Plaintiff failed to exhaust his administrative remedies as required by the FTCA with respect to certain claims, and that as many as twenty of Plaintiff's remaining claims should be dismissed because they fall within categories of claims as to which the United States has not waived sovereign immunity. *See* Dkt. 16. On August 12, 2020, Magistrate Judge Freeman issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted in part and denied in part. *See* R&R, Dkt. 24. Neither party filed timely objections. For the following reasons, the Court adopts the R&R in its entirety. Defendant's motion is GRANTED in part and DENIED in part.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Careful review of Magistrate Judge Freeman's R&R reveals that there is no clear error in its conclusions. As the R&R explains, the only claims that Plaintiff administratively exhausted are a subset of the claims he raised regarding his treatment at the MCC on August 18, 2016. He failed to exhaust his administrative remedies as required by the FTCA for claims regarding events that occurred on dates other than August 18, 2016. Accordingly, Counts 7-9, 17-23, and 25 of Plaintiff's complaint are dismissed in their entirety with prejudice.[1] *See* R&R at 19, 31. Similarly, Counts 1-3, 10-11, and 15-16 are dismissed with prejudice to the extent that they rest on allegations regarding events that occurred on days other than August 18, 2016. *Id*. at 28-29. Finally, because the FTCA's waiver of sovereign immunity extends only to monetary relief, Plaintiff's demands for declaratory and injunctive relief are dismissed with prejudice. *See Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978) (explaining that money damages are the "only form of relief" under the FTCA); *Cangemi v. United States*, No. 12-CV-3989, 2016

---

[1] As the R&R explains, because the two-year statute of limitations for Plaintiff to file a new administrative tort claim with the BOP has expired, any attempt to exhaust those claims at this point would be futile. *See* R&R at 31-32; 28 U.S.C. § 2401(b). Because Plaintiff's last day as a detainee at the MCC was August 5, 2017 (*see* Compl. ¶ 2), any claims arising from his treatment at MCC must have accrued by that date. As such, the statute of limitations for any claim that Plaintiff has for events that occurred at the MCC expired, at the latest, on August 5, 2019.

2

WL 915173, at *3 (E.D.N.Y. Mar. 7, 2016) ("under the FTCA, Plaintiffs are entitled only to money damages, not injunctive relief"); R&R at 42.  The balance of Defendant's motion to dismiss is denied; Plaintiff may proceed with Counts 1-6, 10-16, and 24, to the extent that they arise from events alleged to have occurred at the MCC on August 18, 2016.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.  This case remains referred to Magistrate Judge Freeman for general pretrial matters.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 15.  A copy of this order will be mailed by chambers.

**SO ORDERED.**

**Date: September 9, 2020**  
**New York, NY**

_____  
**VALERIE CAPRONI**  
**United States District Judge**

3