UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE MARIE NGONO,

       Plaintiff,

  -against-

UNITED STATES OF AMERICA,

       Defendant.

19cv06854 (VEC) (DF)

**ORDER GRANTING
*PRO BONO* COUNSEL**

**DEBRA FREEMAN, United States Magistrate Judge:**

*Pro se* plaintiff Andre Marie Ngono ("Plaintiff") having filed a motion to request Court-appointed counsel in this action; and this Court having reviewed that application and having heard from Plaintiff on the issue at an initial pretrial conference conducted telephonically on November 17, 2020; it is hereby ORDERED that Plaintiff's motion (Dkt. 30) is granted to the extent that the Clerk of Court is directed to seek *pro bono* counsel to enter a limited appearance on Plaintiff's behalf for the purposes of (1) assisting Plaintiff in researching the elements of the tort claims he has asserted under the Federal Tort Claims Act ("FTCA") in this case, and advising him as to the nature of the evidence he will need to establish those elements; (2) assisting Plaintiff in preparing and responding to initial discovery demands; (3) representing Plaintiff at his deposition; and (4) in counsel's judgment and at its discretion, deposing certain witnesses. Counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel.

## **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad

discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* ("IFP"), which the Court granted (*see* Dkt. 6), and Plaintiff therefore qualifies as indigent.

In his Complaint, Plaintiff, who is currently being held in federal immigration custody at a facility in Georgia, asserts claims under the FTCA, accusing officers of the federal Bureau of Prisons ("BOP") of, *inter alia*, having assaulted him and denied him medical care while he was in federal pretrial detention at the Metropolitan Correction Center ("MCC") in New York City. After earlier motion practice, the claims that remain in the case all relate to incidents that allegedly occurred on a single date in 2016. This Court finds that, having survived a motion to dismiss, these claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. This Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application, particularly because Plaintiff is in custody, with what he represents to be extremely limited access to legal research tools (*see* Dkt. 30) – hampering his ability to investigate the facts of his case, to be in touch with witnesses who might be able to support his claims, to depose adverse witnesses, and to present legal arguments. Plaintiff has also represented that he has made efforts to obtain counsel, but that those efforts have been unsuccessful. (*Id.*) Under these circumstances, affording Plaintiff the assistance of counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, this Court will request that counsel appear for the limited purposes set out above. In addition, *pro bono* counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The *Pro Bono* Fund is

3

especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order.  In particular, *pro bono* counsel will not be required to respond to a dispositive motion.  In the event that Defendant files a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion.  Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## **CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above.  This Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

In light of this Order, the Clerk of Court is directed to close Dkt. 30 on the Docket of this action. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff, at the address listed on the Docket and shown below.

Dated: New York, New York
November 18, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Andre Marie Ngono
ID# 67815
Irwin County Det. Center
132 Cotton Drive
Ocilla, GA 31774

Defendant's counsel (via ECF)