UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE MARIE NGONO,

                Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                Defendant.

19cv06854 (VEC) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

      The Court having held a telephonic case management conference on August 19, 2021, with plaintiff Andre Marie Ngono ("Plaintiff"), who is proceeding *pro se*, and counsel for defendant United States of America ("Defendant") it is hereby ORDERED, as stated at the conference, that:

      1.     Without objection by Plaintiff, the motion filed by Defendant at Dkt. 68, to modify the Privacy Act Order and Protective Order ("Protective Order") previously issued in this case (Dkt. 47), is granted. Specifically, records marked as confidential pursuant to the Protective Order may be disclosed to Plaintiff's therapists or social workers, provided such disclosure: (a) is only made at a deposition in this action, and not in any other context; and (b) ahead of any such disclosure, the therapist or social worker agrees to be bound by the terms of the Protective Order by signing a copy of the Acknowledgment annexed to the Protective Order as Exhibit 1.

      2.     Given the representation of Defendant's counsel that, prior to the commencement of Plaintiff's deposition, counsel produced to Plaintiff two video files showing portions of an incident at issue in this case, only one of which files also contained audio; and given Plaintiff's representation that, when he opened the two files, *neither* had audio, and that he was thus taken by surprise at his deposition when the audio was played; Defendant's counsel is directed to

produce to Plaintiff, prior to the continuation of his deposition, another copy of the video file that has audio, and, if Plaintiff is unable to access that audio, then the parties are directed to confer in good faith to resolve this problem in advance of the continued deposition.

3. Defendant's request for a pre-motion conference concerning an anticipated motion for a protective order regarding Plaintiff's hundreds of requests for admission (Dkt. 64) is granted, as the conference held by this Court on August 19 was scheduled, in part, to consider that request. Rather than entertain a motion by Defendant for a protective order, however, this Court will address any issues concerning Plaintiff's requests for admission as follows:

  a. In order to allow this Court to consider a sample of the requests for admission, and to use that sample as a means to provide further guidance to the parties, Plaintiff is directed to select no more than 50 of his already-served requests for admission that he considers to be especially important (or that, for whatever reason, he believes this Court should address first), and to provide the list of those particular requests to Defendant within one week of the date of this Order.

  b. To the extent Defendant has not already done so, it is directed to provide objections or responses to those particular requests within one week of being provided with the list by Plaintiff.

  c. If Plaintiff is satisfied with the responses he receives to the listed requests, then the parties should confer with each other in good faith regarding next steps and make a proposal to this Court as to how to proceed with respect to the remainder of Plaintiff's requests for admission.

  d. If, on the other hand, Plaintiff is not satisfied with the responses he receives to the particular listed requests, then:

        i.      within two weeks of receiving those responses, Plaintiff may file a motion to compel further responses, with the particular requests and responses submitted therewith, together with Plaintiff's explanation as to why he believes those requests are relevant and appropriate;

        ii.      Defendant shall file an opposition to the motion to compel within two weeks of Plaintiff's filing of the motion;

        iii.      Plaintiff may file a reply within one week of Defendant's filing of its opposition; and

        iv.      Defendant's time to respond to all other outstanding requests for admissions shall be stayed, pending the Court's ruling on the motion.

4.      All existing discovery deadlines in this case shall be extended by 14 days, so as to allow for the completion of Plaintiff's deposition.

5.      In light of the rulings herein, the Clerk of Court is directed to close Dkts. 64 and 68 on the Docket of this action.

Dated: New York, New York
        August 19, 2021

                                  SO ORDERED

                                  _____
                                DEBRA FREEMAN
                                United States Magistrate Judge

<u>Copies to</u>:

All parties (via ECF)