UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

ANDRE MARIE NGONO,

                     Plaintiff,

-against-

UNITED STATES OF AMERICA,

                     Defendant.

-----------------------------------------------------------

19cv06854 (VEC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      Currently before this Court are (1) a letter application by *pro se* plaintiff Andre Marie Ngono ("Plaintiff") for leave to audio record the mental examination to be performed of him pursuant to Rule 35 of the Federal Rules of Civil Procedure by a medical expert retained by defendant United States of America ("Defendant") (Dkt. 88), and (2) a motion by Defendant to compel Plaintiff to appear for the examination in two consecutive sessions, on two specified dates (Dkt. 92). This Court has considered both parties' applications, which are resolved as follows:

**Plaintiff's Request For Leave To**
**<u>Audio Record His Rule 35 Mental Examination</u>**

      Under Rule 35, a court may set conditions for a party's physical or mental examination, *see* Fed. R. Civ. P. 35(a)(2)(B), and the decision to allow – or disallow – the party to record the examination lies within the Court's discretion, *see, e.g.*, *Kleiman v. Geithner*, No. 03-CV-3829 (ERK), 2009 WL 10700252, at *1 (E.D.N.Y. Mar. 31, 2009). Although, in *Kleiman*, the court, in its discretion, permitted a *pro se* plaintiff to employ recording equipment at a Rule 35 examination, *see id.* (granting the request where the government had made no showing that the use of recording equipment would in any way impede the conduct of the examination), this is the

only instance of such a ruling that this Court has located within this Circuit. Further, even in *Kleinman*, the court noted that its decision on the issue was not the usual outcome. *See id.* (noting that, "[i]n the absence of any special circumstances, courts ordinarily deny requests for the use of a recording device at a psychiatric examination").

Indeed, the use of recording devices at medical examinations is generally disfavored, even in *pro se* cases, as "[t]he introduction of a human or mechanical presence – whether a lawyer, a stenographer, a tape recorder, or other instrumentality – changes the nature of the proceeding, much in the way that television 'coverage' of events qualitatively changes what occurs in front of the camera." *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994). As the court reasoned in *Tirado*, a defendant has "a legitimate interest in eliminating intrusions that would affect the results of the psychiatric examination of [a] plaintiff to which [the defendant is] entitled by virtue of the allegations of [the plaintiff's] complaint placing [the plaintiff's] mental health in issue." *Id*. at 300.

Moreover, "the party seeking the presence of a third party or recording device [at a Rule 35 examination] must carry the burden of convincing the court." *Reyes ex rel. Reyes v. City of New York*, No. 00cv2300 (SHS), 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000) (internal quotation marks and citation omitted); *see also Hirschheimer v. Associated Metals & Mins. Corp.,* No. 94cv6155 (JKF), 1995 WL 736901, at *3 (S.D.N.Y. Dec. 12, 1995) (noting that, even though "[p]sychological examinations are by their nature intrusive and implicate sensitive matters," the plaintiff "must still sustain the burden of proving that there exists good cause for a protective order"). To satisfy that burden, "broad allegations of harm unsubstantiated by specific examples" will not suffice. *Id.* (citing *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994)).

In this case, Plaintiff has argued that, on an occasion in 2016, while in federal custody, he was given a "forced" physical examination by a medical professional with the Bureau of Prisons Health Services, at which time the examiner allegedly prepared a report that was "false and fictitious," in that it attributed to Plaintiff statements that he did not make. (Dkt. 88, at 1.) Plaintiff suggests that, only after he "pointed out the blatant lies," did Defendant's counsel "decide[] to seek a more elaborate and sophisticate[d] lie from partisan and paid medical witnesses under [R]ule 35." (*Id*.) This Court finds that Plaintiff's assumption that, absent a recording of the Rule 35 examination, Defendant's expert witness will provide a false narrative as to what occurred at the examination is wholly speculative, and that Plaintiff has not met his burden to demonstrate that a protective order under Rule 35 is warranted.

Accordingly, Plaintiff's request for leave to record the examination is denied.

### Defendant's Request To Compel Plaintiff To Appear For the Rule 35 Mental Examination

It is this Court's understanding that Plaintiff has not refused to appear for the Rule 35 mental examination, but rather that he sought to obtain a ruling on his application for leave to record the examination, before it went forward. Now that this Court has ruled on that application, Plaintiff is directed to appear for the examination, on each of the two dates on which the examiner has been represented by Defendant's counsel to be available – January 7 and January 12, 2022 – or on such other date(s) as may be agreed by the parties. The examination shall consist of not more than two sessions, of not more than three hours each, and shall, in any event, be completed no later than January 14, 2022.

The deadline for Defendant to disclose the corresponding expert report is extended to January 30, 2022.

In light of this Court's rulings, the Clerk of Court is directed to close the motion filed on the Docket of this action at Dkt. 92.

Dated: New York, New York
December 15, 2021

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All parties (via ECF)