```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANDRE MARIE NGONO,                        :
                                          :
                     Plaintiff,           :
                                          :
          -against-                       :
                                          :      19-CV-6854 (VEC)
UNITED STATES OF AMERICA,                 :
                                          :          ORDER
                     Defendant.           :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2022

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 23, 2019, Andre Marie Ngono, proceeding *pro se*, filed this lawsuit, asserting claims against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, *see* Compl., Dkt. 2;

WHEREAS on September 13, 2019, the Undersigned referred this case to Magistrate Judge Freeman for general pretrial management and for the preparation of reports and recommendations on any dispositive motions, *see* Order, Dkt. 8;

WHEREAS on October 1, 2021, Defendant indicated its intent to file a motion to compel Plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35, *see* Dkt. 81;

WHEREAS on October 7, 2021, Plaintiff moved for a protective order to prevent Defendant from compelling Plaintiff to submit to a Rule 35 examination, *see* Dkt. 82, which Defendant opposed, *see* Dkt. 83;

WHEREAS on November 10, 2021, Magistrate Judge Freeman ordered Plaintiff to appear for a Rule 35 examination, denied Plaintiff's motion for a protective order, and directed the parties to "cooperate with respect to a date for Plaintiff's Rule 35 examination by

Defendant's psychiatrist expert," *see* Order, Dkt. 86; Minute Entry (Nov. 10, 2021); *see also* Nov. 10, 2021 Hearing Tr., Dkt. 95 at 15:25–17:5 (requiring Plaintiff to appear for Rule 35 examination) (collectively the "Rule 35 Order");

WHEREAS on November 16, 2021, Plaintiff requested leave to record the Rule 35 examination, *see* Dkt. 88; Defendant opposed that request, *see* Dkt. 91;

WHEREAS on December 9, 2021, Defendant informed the Court that Plaintiff refused to appear for a Rule 35 examination, *see* Dkt. 92;

WHEREAS on December 9, 2021, Defendant asked the Court to order Plaintiff to appear for a Rule 35 examination consisting of two sessions, one each on January 7 and January 12, 2022 (the dates on which Defendant's expert was available), *see* Dkt. 92;

WHEREAS on December 15, 2021, Magistrate Judge Freeman: (1) denied Plaintiff's request for leave to record his Rule 35 examination; and (2) ordered Plaintiff to appear for a Rule 35 mental examination on January 7 and January 12, 2022, or on such other date(s) as may be agreed by the parties, *see* Order, Dkt. 93 ("December 15 Order");

WHEREAS on December 29, 2021, Plaintiff objected under Federal Rule of Civil Procedure 72(a) to the December 15 Order, *see* Dkt. 94;[1]

WHEREAS "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis removed) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006));

WHEREAS Plaintiff argues that the December 15 Order is clearly erroneous and contrary to law because it fails to take into account the "serious risks that such examination poses to

---

[1] Plaintiff's objection is dated December 24, 2021, but it was not filed until December 29. See Dkt. 94.

Plaintiff's life," namely that the examination could trigger a psychiatric episode and suicidal ideations, *see* Dkt. 94 at 3–6;

WHEREAS Plaintiff further argues that Magistrate Judge Freeman abused her discretion by requiring him to submit to a Rule 35 examination now when, in July 2021, she denied Plaintiff's motion for an Independent Medical Expert, holding that Plaintiff's medical records were sufficient for the Court to render a decision, *see id.* at 6–7; *see also* Order, Dkt. 63;

WHEREAS on January 26, 2022, Defendant responded to Plaintiff's Rule 72(a) objection, *see* Dkt. 100;

WHEREAS Defendant argues that: (i) Plaintiff's objection is untimely because, although he purports to be objecting to the December 15 Order, he is actually challenging the Rule 35 Order that was entered on November 10, 2021; (ii) the Rule 35 Order was neither clearly erroneous nor contrary to law because Plaintiff has put his mental condition at issue by claiming severe psychiatric injuries, and Rule 35 authorizes a mental examination of a plaintiff under such circumstances; (iii) the Court should not consider Plaintiff's evidence regarding suicidal ideations because those records were not presented to Magistrate Judge Freeman before she ordered the Rule 35 examination; and (iv) even if Plaintiff's objection were timely and even if the Court were to consider Plaintiff's additional evidence, Plaintiff would still not satisfy the high burden for obtaining a protective order to prevent the Rule 35 examination, *see id.*;

WHEREAS the Court may modify or set aside a Magistrate Judge's order on a non-dispositive issue such as this one only if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990);

WHEREAS a ruling is "clearly erroneous if the district court is 'left with the definite and

3

firm conviction that a mistake has been committed,'" and is "contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure," *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations omitted); *see also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (review of a magistrate judge's order on a non-dispositive issue is "highly deferential"; "reversal is appropriate only if [the magistrate judge's] discretion is abused") (citations omitted);

WHEREAS, because a magistrate judge has "broad discretion" over discovery determinations, "a party seeking to overturn a discovery order bears a heavy burden," *Shim-arkin v. City of N.Y.*, 16-CV-6099, 2020 WL 5758751, at *1 (S.D.N.Y. Sept. 28, 2020) (cleaned up); *see also Edmonds v. Seavey*, No. 08-CV-5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) ("A showing that reasonable minds may differ on the wisdom of granting [a party's discovery-related] motion is not sufficient to overturn a magistrate judge's decision.") (cleaned up); and

WHEREAS Federal Rule of Civil Procedure 72(a) provides that a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a copy," Fed. R. Civ. P. 72(a);

IT IS HEREBY ORDERED that Plaintiff's Rule 72(a) objection is dismissed as untimely.  While Plaintiff claims to be challenging the December 15 Order, it is clear that his dispute is with the earlier Rule 35 Order that was entered on November 10, 2021.  This is evident because Plaintiff is objecting to the requirement that he submit to a Rule 35 examination at all; he is not objecting to Judge Freeman's later ruling prohibiting Plaintiff from recording the examination or setting the dates of the examination.  *Compare* Order, Dkt. 86 *with* Order, Dkt.

93; *see also* Nov. 10, 2021 Hearing Tr. at 17:5 ("I'm going to allow the examination."); Minute Entry (Nov. 10, 2021) ("the parties are directed to cooperate with respect to a date for Plaintiff's examination by Defendant's psychiatric expert").

Plaintiff's 72(a) objection is dated December 24, 2021, and it was not filed until December 29, 2021. *See* Dkt. 94. Even if the Court were to accept December 24 as the controlling date, Plaintiff's objection still came more than six weeks after the Court's November 10, 2021 Order, well beyond the 14-day window provided by law for a party to object to a non-dispositive ruling by a magistrate judge. *See* Fed. R. Civ. P. 72(a). Accordingly, Plaintiff's Rule 72(a) objection is untimely. *See, e.g.*, *Lithgow v. Keyser*, No. 21-CV-998, 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) (holding that a *pro se* party's Rule 72 objection was untimely because it was filed more than 14 days after the magistrate judge's decision); *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10-CV-4077, 2014 WL 12828173, at *1 (E.D.N.Y. May 28, 2014). Because "failure to object timely to a magistrate's [order] operates as a waiver of any further judicial review of the magistrate's decision," *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), the Court need not consider the merits of Plaintiff's objection.

Even if Plaintiff's objection were timely, though, it must be overruled because Magistrate Judge Freeman's order directing Plaintiff to submit to a Rule 35 examination was neither clearly erroneous nor contrary to law. It is well-established that "if a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, that plaintiff puts [his] mental condition clearly in controversy, and provides defendant with the good cause necessary for an order under Rule 35(a) allowing a mental examination." *Guzman v. News Corp.*, No. 09-CV-9323, 2012 WL 2148166, at *1 (S.D.N.Y. June 13, 2012) (citing, *inter alia*, *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964)); *see also, e.g.*, *Hodges v. Sullivan*, 145 F.R.D. 332, 334 (S.D.N.Y.1993);

*Bender v. del Valle*, No. 05-CV-6459, 2007 WL 528694, at *2 (S.D.N.Y. Feb 20, 2007). Here, Plaintiff has put his mental condition in controversy by alleging psychiatric injuries. *See, e.g.*, Compl. ¶ 47. Accordingly, a Rule 35 examination is appropriate.

Finally, while the Court appreciates Plaintiff's concerns about the mental examination, neither his concerns nor the evidence he has submitted to the Court warrants overturning Magistrate Judge Freeman's decision. *See, e.g.*, *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) ("courts in this circuit generally follow the rule that a district court reviewing an appeal of a non-dispositive motion from a magistrate judge may not look beyond the factual record presented to the magistrate judge"); *Qube Films Ltd., v. Paddell*, No. 13-CV-8405, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (to be entitled to protective order, the moving party must show "that a 'clearly defined, specific and serious injury' will occur in the absence of such an order"; "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden") (citations omitted). Accordingly, Plaintiff's Rule 72(a) objection fails; Plaintiff must submit to a Rule 35 examination.

IT IS FURTHER ORDERED that Plaintiff must appear as soon as possible for a Rule 35 examination by Defendant's psychiatrist expert, on such date(s) as may be agreed by the parties or ordered by the Magistrate Judge.

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a

copy of this Order to Plaintiff at Andre Marie Ngono, 132-10 South Conduit Ave., Jamaica, NY 11430.

**SO ORDERED.**

Date:  February 4, 2022
       New York, NY

                                     **VALERIE CAPRONI**
                                     **United States District Judge**